UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

| | |
|---|---|
| ROBIN A. LYNN, | Chapter 7 |
| Debtor. | Case No. 18-11230 (MEW) |

-----------------------------------------------------------X

| | |
|---|---|
| ROBIN A. LYNN, | Adv. Pro. No. _____ |
| Plaintiff | |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION (USDE), | |
| Defendant. | |

-----------------------------------------------------------X

## ADVERSARY PROCEEDING TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

ROBIN A. LYNN (the "Debtor" herein) complains of the above defendant and respectfully alleges as follows:

### BACKGROUND AND NATURE OF THE ACTION

1. On April 30, 2018, the Debtor filed a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code in this Court.

2. Kenneth P. Silverman was appointed as the trustee. The Debtor attended her section 341 meeting on June 5, 2018. The meeting was closed on that date.

3. The Debtor now brings the instant adversary proceeding, seeking to have her student loan obligation to the United States Department of Education. ("USDE") declared to be dischargeable in her current bankruptcy as an undue hardship pursuant to 11 U.S.C. § 523(a)(8) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334.

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i). This Court has jurisdiction by virtue of the aforementioned Bankruptcy Code and Bankruptcy Rules to determine the dischargeability of the Debtor's educational loan.

## THE PARTIES

6. Debtor is an individual residing at 55 West End Avenue, New York, NY.

7. USDE is a governmental agency that, among other things provides student loans).

8. is a leading provider of asset management and business processing solutions for education, healthcare, and government clients at the federal, state, and local levels.

## BACKGROUND

9. Debtor Robin A. Lynn received a B.A. in Media Studies from Hunter College and an M.A. in Media Studies from The New School. Debtor has devoted much of her professional life to working in the not-for-profit sector. This is not a lucrative employment sector in terms of compensation, although personally satisfying.

10. The Debtor presently works in assisting the online platform for a not-for-profit educational institution, The New School, where she has worked for 7 years.

11. To fund her education at Hunter College, Debtor borrowed approximately $35,527 from USDE. The Debtor's loan is serviced by Navient Solutions, Inc. ("Navient"). To the best of her knowledge, Debtor made payments on her loan totaling $10,000, until she faced a lengthy period of employment after September 11, 2001. The loan's balance now has ballooned to $86,889.95, more than double the original principal loan amount.

12. The Debtor holds no real estate or significant assets (other than a modest retirement plan) and has no prospects for material income increases. In addition to her debt of $87,000 to the USDE, the Debtor also owes as much as $28,000 to the Internal Revenue Service.

13. **Debtor's Work Background.** When the Debtor graduated from Hunter College in 1998 her total outstanding loan was $35,527. As of today, the total loan amount is $86,889.95. Upon information and belief, the Debtor has paid $10,000 on her loan to USDE.

14. After the events of September 11, 2001, the Debtor was out of work for nearly a year before taking a job in the non-profit sector, the only industry for which she could find work without seeking further credentials.

15. Being in this field has impacted the Debtor's earning ability and career trajectory. Over the past 20 years, the Debtor barely has kept her head above water financially. In addition to the student loan, the Debtor owes money to the Internal Revenue Service. Right now, even if the Debtor were to obtain a discharge of unsecured debts, a student loan payment of even $50-$100 would be a challenge.

16. Debtor does not own any real property or a vehicle and lives simply. As of the Petition Date, Debtor's net monthly income is $4,527.99 and her monthly expenses are $4,888.00, leaving a negative balance of $360.01. Since the Petition Date, Debtor's monthly income is currently $4,128 representing the result of an increased withholding to reduce Debtor's liability to the Internal Revenue Service.

17. **Debtor's Health Issues.** In 1991, the Debtor injured her left knee in a car accident. Surgery was required but now, nearly 27 years later, the Debtor has full blown arthritis in the knee with the cartilage all but gone in some areas.

18. In addition, in part because of the car accident and age, the Debtor's back has deteriorated including nerve impingement at L3-L4 going from moderate to severe. This chronic condition has spread and now involves all but one of the lumbar vertebrae to some extent.

19. According to the doctor (whom the Debtor consulted last week to review her recent MRIs), the nerve impingement means the Debtor will lose the ability to use her left leg sooner rather than later. Surgery might alleviate the symptoms and restore function, but it is impossible to say until surgery is performed.

20. If this is where Debtor is at age 50, her financial situation is unlikely to improve in the next 5 years, much less 10 years. As for her earning potential, Debtor is doing everything in her power to hang on to her current job, which provides income and health coverage.

21. Despite her employment on a continual basis for nearly 2 decades, Debtor faces significant financial challenges, due to her limited income in her field and ongoing health issues. In light of the mounting interest accrual, even with full-time permanent employment, the Debtor's income will be insufficient to provide for payment of any meaningful amount toward her student loan debt during the repayment period without imposing great and undue hardship on the Debtor.

22. In the current job market, it is unlikely that Debtor will see a significant increase in income in the near future. She is not in a position to pursue a career change because of her health issues and the nature of her industry.

23. Other than the income specified herein, Debtor has no current or anticipated available income or resources she can use to pay the USDE loan and any payments could be made only at great and undue hardship.

24. Debtor has acted in good faith with respect to her student loans. She made regular payments on her student loan, while she was employed full-time in the not-for-profit industry.

25. When circumstances interfered with her ability to pay her loan, Debtor always sought forbearance or deferment.

26. Debtor investigated her ability to seek relief from the public service loan forgiveness program but could not afford the minimum payments required to participate.

## CLAIM FOR RELIEF

27. The obligation to repay the loan imposes an undue hardship on the Debtor, within the meaning of 11 U.S.C. § 523(a)(8) and as described in the three factor test set forth in *Brunner v. New York State Higher, Educ. Serv.*, 831 F.2d 395 (2d Cir. 1987).

28. *Brunner* sets out the following three factors that must be demonstrated to qualify for a finding of undue hardship:

> 1. The debtor must show that she cannot maintain a minimal standard of living and repay the loan;
> 2. Additional circumstances exist that will cause the debtor current state of affairs to persist; and
> 3. The debtor has made a good-faith effort to repay the debt.

29. Debtor cannot maintain a minimal standard of living for herself if she is forced to repay the loans.

30. Due to Debtor's chronic and deteriorating physical health condition, it is likely that her current situation shall persist for the future including the remaining repayment period of the balance owed to USDE.

31. Despite Debtor's good faith efforts to repay her loan by making payments to the USDE via Navient for nearly 20 years, she has not been able to do so, and under her current situation, it is unlikely she ever will be able to repay the loan.

32.     Based on the criteria set forth in *Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395 (2d Cir. 1987) (per curiam) Debtor qualifies for, and should be granted, a discharge of the above-described educational loan.

## **CONCLUSION**

The Debtor has met all three prongs of the *Brunner* test, to wit:

   a. Debtor cannot maintain a minimal standard of living and repay the loan;
   b. Additional circumstances exist that will cause the Debtor's current state of affairs to persist;
   c. Debtor has made a good-faith effort to repay her education debt; and
   d. Debtor investigated her ability to participate in a public service loan forgiveness program and other Income based repayment plans but learned that she could not afford the required monthly payments.

Accordingly, under § 523(a)(8) of the Bankruptcy Code and applicable case law, Debtor has shown she cannot repay the full balance due on her USDE student loan debt due to an undue hardship. The Debtor's debt of $86,889.95 to USDE should be discharged.

**WHEREFORE,** the Debtor prays that this Court enter an Order declaring the student loan debt of the debtor to be discharged in this bankruptcy case and grant such other and further relief as this Court may deem appropriate.

Dated: Brooklyn, New York
        December 31, 2018

By:  /s/Anthony M. Vassallo
Anthony M. Vassallo, Esq.
LAW OFFICE OF ANTHONY M. VASSALLO
305 Fifth Avenue, Suite 1B
Brooklyn, New York 11215
Tele: (347) 464-8277
Fax: (866) 334-9752
Email: tony@amvasslaw.com

*Attorney for Robin A. Lynn, the Debtor*